KNOX COUNTY ELECTION COMMISSION *v.* CITY OF KNOX-
VILLE.*

(*Knoxville.* September Term, 1925.)

**STATUTES.** Statute fixing time for primaries held not unconstitutional as making it impossible to register in time.

Private Acts 1925, chapter 93, amending Private Acts 1923, chapter 412, changing time for primaries, *held* not unconstitutional under Constitutional, article 11, section 8, as making it impossible to obtain registration certificates in time under Thompson-Shannon Code, section 1189 et seq., providing that registration shall be good for only two years, to commence on second Monday in August, and to be made twenty days before election, since two year limit does not begin running until twenty days after date of certificate, so that certificates issued August 13, 1923, were good at primaries on March 29, 1925.

Acts cited and construed: Acts 1923, ch. 412; Acts 1925, ch. 93;

Code cited and construed: Secs. 1189, 1196, 1197, 1199 (S.).

Constitution cited and construed: Art. 11, Sec. 8.

---

*Headnote 1. Elections, 20 C. J. Section 20.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County.—
HON. CHAS. HAYS BROWN, Chancellor.

W. H. PETERS, JR., and ROY H. BEELER, for plaintiff.

DONALDSON & MONTGOMERY, for defendant.

MR. CHIEF JUSTICE GREEN· delivered the opinion of the Court.

This is a proceeding under the Declaratory Judgments Act, involving a construction of our laws regulating the registration of voters, Thompson's-Shannon's Code, section 1189 et seq., and a construction of chapter 412 of the Private Acts of 1923, enacting a charter for the city of Knoxville, as amended by chapter 93 of the Private Acts of 1925. The constitutionality of two sections of the act of 1925 is likewise involved.

Section 1196, Thompson's-Shannon's Code, provides for a general registration of voters every two years, and "that registration shall not be good for more than two years."

Section 1197, Id., provides that the registration books shall be opened on the second Monday in August of every odd year and kept open for ten days, not counting Sundays.

Section 1199, Id., provides that: "No voter shall be allowed to vote in any election wherein registration is required by law, unless he shall have first registered, under the provisions of this article, as much as twenty days before the election wherein he offers to vote is held."

Chapter 93 of the Private Acts of 1925, amending the charter of Knoxville, provides that the primary elections in said city for municipal officers, "shall be held on the last Saturday in August, except in any year when the last Saturday in August shall fall on the 30th or 31st day of the month, in which event said primary election shall be held on the next to the last Saturday in August in the odd numbered years beginning 1923."

Coming to the specific case presented, the general registration of voters in 1923 began on August 13, 1923.

Under the amendment to the charter of Knoxville made by chapter 93 of the Private Acts of 1925, the next primary election in Knoxville is due to be held on August 29, 1925. General registration, beginning the second Monday in August, will begin this year (1925) on August 10th. It follows, therefore, that the earliest certificate issued at the general registration for the current year will be less than twenty days old when the next primary election is held at Knoxville on August 29th. Voters registering, therefore, in the general registration of 1925, cannot procure a certificate which will entitle them to vote in the Knoxville primary August 29th.

It is the contention of the election commissioners that the general registration of 1923 is only effective until the general registration of 1925; that certificates of registration issued in 1923 expire upon the issuance of certificates of registration in 1925. If this be true, it would result that there could be no legal voters at the Knoxville primary on August 29, 1925. The old certificates would have expired, and none of the new certificates would be twenty days old.

The chancellor thought that this interpretation of the statutes was correct, and therefore held those sections of the amendatory act of 1925, which changed the date of the Knoxville primary and of the regular election in Knoxville, to be unconstitutional, as in violation of section 8 of article 11 of the Constitution.

We do not agree, however, with the chancellor's construction of the statutes.

Section 1196, Thompson's-Shannon's Code, as before stated, provides that registration shall be good for two years. But under section 1199, Thompson's-Shannon's Code, registration is not effective until twenty days after it is accomplished. So we think that the two-year limit does not begin to run against a registration certificate issued to a voter until twenty days after the date of such certificate. Otherwise, the certificate would not be good for two years.

This being our conclusion, it follows that all certificates issued at the general registration in 1923, that registration beginning on August 13, 1923, will be good in the primary election to be held at Knoxville August 29, 1925. The new certificates, issued at the general registration in 1925, will not entitle the holder to vote so early.

It should be noted that under Thompson's-Shannon's Code, section 1201, a supplemental registration is required preceding any election, which shall close twenty days before the election. A supplemental registration, closing August 9, 1925, should therefore be had preparatory to the Knoxville primary, in addition to the general registration for 1925.

The chancellor's decree will be modified as indicated. We think this a proper case to divide the costs.